**Maria Caterina ROSENFELD, Plaintiff–Appellant,**

v.

**James HACKETT, Linn Benton Housing Authority; Linn–Benton Housing Authority, Defendants–Appellees.**

**No. 11–36055.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 15, 2013.*

Filed Jan. 18, 2013.

Maria Caterina Rosenfeld, Portland, OR, pro se.

Stephen P. Rickles, Martin W. Jaqua, The Rickles Law Firm PC, Portland, OR, for Defendants–Appellees.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, BEA, and NGUYEN, Circuit Judges.

MEMORANDUM **

Maria Caterina Rosenfeld appeals pro se from the district court's judgment dismissing her action alleging violations of the Fair Housing Amendments Act and state law for failure to prosecute. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Al–Torki v. Kaempen,* 78 F.3d 1381, 1384 (9th Cir.1996). We affirm.

The district court did not abuse its discretion in dismissing Rosenfeld's action for failure to prosecute after Rosenfeld refused to go forward with trial due to her objections to the district court's evidentiary rulings. *See id.* (discussing factors to guide the court's decision whether to dismiss for failure to prosecute).

Because we affirm the district court's dismissal for failure to prosecute, we do not consider Rosenfeld's challenges to the district court's interlocutory orders. *See id.* at 1386 ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute[.]").

Rosenfeld's motion to stay proceedings, filed on October 9, 2012, is denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.